GLADNEY, Judge.
Robert A. Brown, the plaintiff herein, in furtherance of an oral contract with the defendant, William Sanders,, furnished and installed a heating system in a new dwelling being constructed for Sanders by a contractor, Roy Gammill. When the structure was substantially completed and the heating system fully installed except for some minor adjustments, on December 18, 1959, the house, together with the heating system, was entirely destroyed by fire, apparently caused by the explosion of a butane tank being handled by employees of the West Carroll Gas Company. After the fire, Brown voluntarily reducted the contract price from $636.50 to 586.50 and Sanders accepted this adjustment. Thereafter Sanders repeatedly acknowledged his indebtedness to Brown for this amount. Defendant’s failure to make payment resulted in *229 this suit being filed. The case was tried on its merits, after which judgment was rendered in favor of plaintiff, and the defendant has appealed.
The defendant did not deny his indebtedness and repeatedly expressed his desire to settle the account. His reason for nonpayment is set forth in one of two' letters to Brown, and from one of which we extract the following quotation:
“In reply to your letter of recent date concerning payment of the heating system, I want to let you know that I am sorry we can not have a settlement with you at present. I discussed this with our lawyer yesterday. He said not to pay any bills until a complete agreement or settlement from the fire was reached, which he hoped would be soon. * * * ”
The letter referred to was written on April 6, 1960, at which time attorneys for Sanders were endeavoring to collect damages for the loss of the structure from the contractor, Gammill, and the West Carroll Gas Company and its liability insurer, Great American Insurance Company. It is evidenced that Sanders’ attorneys had cautioned him to hold in abeyance payment of plaintiff’s account and several other accounts in order that the amount collected, if less than the actual loss, might be prorated among the several creditors of Sanders.
After suit was filed against the above named tort feasors, a compromise settlement was reached whereby Sanders received the sum of $7,500.00 in settlement of his actual loss of $8,854.08. Sanders’ attorneys sought to prorate his loss in offering a sum to Brown in settlement of his claim and attempted to reduce the sum further by an additional 33% per cent as attorneys’ fees. The sum offered to Brown after these deductions amounted to $330.50, which he declined to accept.
The record plainly discloses that Brown did not engage the services of the attorneys representing Sanders and there is some evidence that they directed Brown to engage his own attorney. In view of these facts we find no basis for Sanders’ attempt to assess Brown with a portion of his attorney’s fees.
Defendant’s position is inconsistent. The amount accepted by Sanders in settlement of his suit against those alleged to be responsible for the loss included an amount Sanders claimed he owed to Brown. Sanders now argues he collected the amount as a courtesy to Brown and at the same time he contends that he owes Brown nothing for the reason that the agreement for the furnishing and installation of the heating system was in the nature of a construction contract rather than a sale, and that as the heating equipment was destroyed prior to delivery Brown bore the risk of loss under LSA-C.C. Article 2758. That article reads as follows:
“When the undertaker furnishes the materials for the work, if the work be destroyed, in whatever manner it may happen, previous to its being delivered to the owner, the loss shall be sustained by the undertaker, unless the proprietor be in default for not receiving it, though duly notified to do so.”
In the reasons for judgment assigned by the trial judge, it was held that the transaction between Brown and Sanders constituted a sale and was not a construction contract. Forasmuch as Sanders did, in fact, accept the heating system as installed and assumed liability therefor, all of which is manifest from his actions subsequent to the fire, it is immaterial whether the contract be considered one of sale or construction. We do not entirely agree with the l-uling of the trial judge in this respect. Airco Refrigeration Service,, Inc. v. Fink, 242 La. 73, 134 So.2d 880 (1961).
We concur in the result reached by the trial court in finding that plaintiff is entitled to judgment. The judgment is affirmed at appellant’s cost.